IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT DOUGLAS PECKENS, JR.,

    Plaintiff,

v.                                    Civil Action No. 5:11CV70
                                                 (STAMP)
RITE AID OF WEST VIRGINIA, INC.,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

I.  <u>Procedural History</u>

The plaintiff commenced this civil action by filing a complaint in the Circuit Court of Ohio County, West Virginia alleging that he was unlawfully terminated from his job as a pharmacist at Ride Aid of West Virginia, Inc.'s ("Rite Aid") Yorkville, Ohio pharmacy. Count One of the complaint alleges disability discrimination and Count Two alleges defamation and/or violation of the plaintiff's right of privacy. The complaint further alleges that the plaintiff is entitled to compensatory and punitive damages.

The defendant removed the case to this Court on May 11, 2011 on the basis of federal question jurisdiction. In its notice of removal, the defendant contends that this case involves one or more questions of federal law, specifically, Rite Aid's obligations, if any, under the applicable federal regulations governing access to controlled substances. <u>See</u> 21 C.F.R. §§ 1301.71-1301.77. The

plaintiff filed a motion to remand, arguing that this case does not raise a substantial federal issue. The defendant filed a timely response to the motion to remand, to which the plaintiff replied. The motion to remand is currently pending before this Court and is ripe for review. For the reasons set forth below, this Court finds that the plaintiff's motion to remand must be granted.

## II. Facts[1]

In July of 1997, the plaintiff, Robert Douglas Peckens, Jr., was employed by Rite Aid as a pharmacist at the Yorkville, Ohio pharmacy.[2] Prior to his hiring, the plaintiff advised Greg Delaney, the Pharmacy District Manager of the Columbus District of Rite Aid Stores, that he had three felony convictions in 1993 in Jefferson County, Ohio as a result of a former substance abuse problem. The plaintiff also advised Mr. Delaney that as a result of these felony convictions, his pharmacist license had been suspended for several months. However, through voluntary rehabilitation and a successful probation, the plaintiff's pharmacist license was reinstated in 1994. Knowing of his prior criminal record, Rite Aid nevertheless hired the plaintiff, who worked at multiple Rite Aid pharmacies until his termination.

---

[1] For purposes of deciding this motion to remand, this Court considers, for the most part, the facts as presented in the plaintiff's complaint.

[2] When the plaintiff was originally hired by Rite Aid, he was assigned to the Bellaire, Ohio pharmacy.

On October 15, 2010, the plaintiff was called into Rite Aid's district office in Wheeling, West Virginia and advised that his employment was being terminated as a result of his criminal record. According to the defendant, the Drug Enforcement Administration ("DEA") does not allow persons who have felony convictions after 1991 to fill prescriptions for controlled substances. Because it could be fined up to $10,000.00 for every prescription that the plaintiff had filled, Rite Aid claimed it had no choice but to terminate the plaintiff. After his employment ended, the plaintiff learned that Rite Aid should have obtained a waiver prior to hiring him, but that Rite Aid had failed to do so. Since losing his job with Rite Aid, the plaintiff has been unsuccessful in obtaining any employment as a pharmacist.

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc.,

29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id. State law complaints usually must stay in state court when they assert what appear to be state law claims. See Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir. 2004). Further, the court is limited to a consideration of facts on the record at the time of removal. See Lowrey v. Alabama Power Co., 483 F.3d 1184, 1213-15 (11th Cir. 2007) (stating that in assessing whether removal was proper, the district court has before it only the limited universe of evidence available when the motion to remand is filed); Marshall v. Kimble, No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) ("The defendant's removal cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal.").

## IV. Discussion

In support of his motion to remand, the plaintiff presents two arguments: (1) this case does not raise a substantial federal issue; and (2) keeping this matter in federal court would upset the balance of federal and state responsibilities. According to the plaintiff, the presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction. (Mot. to Remand 10.) Further, the plaintiff contends that the state court is the best place to handle the issues involved in this case.

In response, the defendant argues that the complaint does, in fact, raise a substantial federal question -- whether 21 C.F.R. § 1301.76(a) prohibited Rite Aid from employing the plaintiff and if so, whether Rite Aid had both the ability and obligation under federal law to seek a waiver. (Resp. to Mot. to Remand 7.) The defendant also asserts that the federal courts have an interest in the uniform interpretation and application of the Controlled Substances Act, 21 U.S.C. §§ 801-971. (Resp. to Mot. to Remand 10.)

The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that a federal question must be presented on the face of the plaintiff's properly pleaded complaint. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Hunter Douglas, Inc. v. Sheet Metal Workers Int'l Assoc., Local 159, 714 F.2d 342, 345 (4th Cir. 1983). Only those cases "in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends upon resolution of a substantial question of federal law" are subject to removal. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1983).

In this case, the defendant attempts to rely on the Grable doctrine to justify removal. In Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005), the Supreme Court

considered "another longstanding, if less frequently encountered, variety of federal 'arising under' jurisdiction, . . . having recognized . . . that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Id. at 312. The Supreme Court in Grable established the test for determining whether a "substantial question of federal law" sufficient to warrant removal exists:

> The question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

Id. at 314. However, merely alleging a "federal issue" does not operate "as a password opening federal courts to any state action embracing a point of federal law." Id.; see Empire Healthchoice Assurance, Inc., v. McVeigh, 547 U.S. 677, 704 (2006) ("Few cases can be squeezed into the slim category Grable exemplifies.").

This Court finds that the plain language on the face of the plaintiff's complaint does not present a substantial federal question and that the defendant has failed to demonstrate that the three prongs of the Grable test have been met. Although the plaintiff's complaint mentions DEA regulations and alludes to 21 C.F.R. § 1301.76(a), this Court is not persuaded that there is an "actually disputed and substantial" federal issue included in the complaint. The alleged obligation to seek a waiver of 21 C.F.R.

§ 1301.76(a) does not arise under federal law.³ Moreover, the mere presence of a federal regulation does not convert this state law claim into a federal question.

In fact, the causes of action alleged by the plaintiff, disability discrimination, defamation, and/or violation of the right of privacy, are state law causes of action. West Virginia law provides that it is an unlawful discriminatory practice for any employer to deny or limit employment because of disability. W. Va. Code § 5-11-9. The right of privacy in West Virginia is also well-established. See Cordle v. General Hugh Mercer Corp., 325 S.E.2d 111, 116 (W. Va. 1984) (recognizing a legally protected interest in privacy) (citing Roach v. Harper, 105 S.E.2d 564, 568 (W. Va. 1958)). Similarly, the elements to prove a defamation action are well-settled under West Virginia law. See Serian v. Penguin Group (USA), Inc., Civil Action No. 1:08cv74, 2009 WL 2225412, at *6 (N.D. W. Va. July 23, 2009). Although the complaint references Rite Aid's failure to obtain a waiver from the DEA, it states that the defendant's defamation and/or its violation of the plaintiff's right to privacy "give rise to an award of punitive damages under law in West Virginia." (Comp. ¶ 24.) Count One, alleging disability discrimination, makes no mention of any federal law.

---

³Notably, the defendant admits that "there are no regulations either requiring an employer to seek a waiver, or specifying the circumstances under which a waiver will be granted." (Resp. to Mot. to Remand 9.)

Rather, the plaintiff simply states that Rite Aid discriminated against him by terminating his employment because of a perceived disability as a result of a prior substance abuse problem. (Compl. ¶¶ 15-16.); see Harless v. First Nat'l Bank in Fairmont, 246 S.E.2d 270, 275 (W. Va. 1978) (stating that under West Virginia law, a cause of action for wrongful termination lies where the employer's motivation for the discharge is to contravene some substantial public policy principle).

The United States Court of Appeals for the Sixth Circuit has discussed a somewhat similar case in which a prospective employee and a DEA registered pharmacist petitioned for review of a DEA decision denying his application for a waiver of 21 C.F.R. § 1301.76(a). In Bzdzuich v. United States Drug Enforcement Admin., 76 F.3d 738 (6th Cir. 1996), the Sixth Circuit found that "21 U.S.C. § 823(b), the statute under which 21 C.F.R. § 1301.76(a) was promulgated, was not enacted to protect the employment rights of pharmacists with or without felony drug convictions." Id. at 742. Instead, 21 U.S.C. § 823(b) protects the interest of the public in the legitimate use of controlled substances. Id. Accordingly, the Sixth Circuit stated that the employee's injury was "not within the 'zone of interests' protected by the statute under which he seeks relief." Id. The Supreme Court has stated that in drafting the Controlled Substances Act, Congress intended to protect the public from the deleterious effects of the

illegitimate use and distribution of controlled substances. See Gonzales v. Oregon, 546 U.S. 243, 269-70 (2006). As the defendant acknowledges, the Controlled Substances Act was not designed to protect the interests of a pharmacist in employment. Bonds v. Tandy, 457 F.3d 409, 415 (5th Cir. 2006). With this background, this Court cannot accept the defendant's argument that the plaintiff's claims necessarily depend upon the interpretation and application of federal law. Rather, the plaintiff's claims focus on his alleged wrongful termination, alleged discriminatory treatment, and alleged invasion of privacy, which are unrelated to the purpose of the Controlled Substances Act and its associated regulations. Like the court in McCallister v. Purdue Pharma L.P., this Court finds that "interpretive issues under the . . . Controlled Substances Act are insufficient to provide removal jurisdiction, in the absence of a congressionally-mandated private cause of action." 164 F. Supp. 2d 783, 794 (S.D. W. Va. 2001) (discussing a class action complaint on behalf of persons who have obtained and ingested OxyContin from a prescription written in West Virginia or from pharmacies or physicians in the state). Significantly, the Controlled Substances Act and its accompanying regulations provide neither an express nor an implied private right of action.

In his motion to remand, the plaintiff also argues that keeping this matter in federal court would upset the balance of

federal and state judicial responsibilities.  The defendant counters by arguing that the federal courts have an interest in the uniform interpretation and application of the Controlled Substances Act.  This Court disagrees with the defendant's position.  Like the McCallister court, this Court "is sympathetic to Defendant['s] desire for uniform and consistent interpretations of the federal statutes and extensive federal regulatory scheme under which they operate and by which they are guided."  Id.  But this case focuses not on the interpretation of the Controlled Substances Act, but on the state law claims of disability discrimination, defamation, and/or violation of the right of privacy alleged by the plaintiff.  Keeping this case in federal court would therefore disturb the balance of federal and state judicial responsibilities.

V. Conclusion

For the reasons stated above, the plaintiff's motion to remand (Doc. 6) is GRANTED.  Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.  Pursuant to

Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 19, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
